■ MALKA BUCARETZKY et al., Appellants, v STEVEN SWERSKY, Defendant, and JOHN SKLAR, Respondent. [624 NYS2d 275] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Levine, J.), dated October 29, 1993, as granted that branch of the defendants' motion which was for summary judgment on the issue of the liability of the defendant John Sklar as a principal, and (2) an order of the same court, dated April 11, 1994, as upon, in effect, granting reargument, (a) adhered to its original determination on the issue of the defendant Sklar's liability as a principal, and (b) granted the defendant Sklar's renewed motion for summary judgment on the issue of his vicarious liability, and (c) thereupon dismissed the complaint insofar as it is asserted against Sklar.

Ordered that the appeal from the order dated October 29, 1993, is dismissed, without costs or disbursements, as the

portion of the order from which the plaintiffs appeal was superseded by the order dated April 11, 1994, made upon reargument; and it is further,

Ordered that the order dated April 11, 1994, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the original determination granting that branch of the defendants' motion which was for summary judgment on the issue of Sklar's liability as a principal and substituting therefor a provision denying that branch of the motion, and reinstating that portion of the complaint; as so modified, the order dated April 11, 1994, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 29, 1993, is modified accordingly.

The plaintiff Maria Bucaretzky became pregnant with her fifth child at age 38, and subsequently gave birth to a baby who suffered from Down's Syndrome. She and her husband commenced this malpractice action against her obstetrician, the defendant Steven Swersky, and his associate, the defendant John Sklar, *inter alia,* alleging that they were both negligent in failing to advise her of the risks of not having an amniocentesis performed, a test which would have alerted her to the condition of the fetus and permitted her to terminate her pregnancy. The defendant Sklar was granted summary judgment on the issue of his liability as a principal and on the issue of his vicarious liability for the defendant Swersky's conduct. We modify.

The issue of whether the defendant Sklar reasonably relied upon the defendant Swersky's alleged practice of discussing genetic counseling with his prenatal patients on their first visit to the office, thereby obviating the need for him to discuss the subject when he saw the plaintiff on her second visit to the office and at a time when the performance of an amniocentesis was appropriate, is one for the jury to decide. Moreover, the defendant Sklar failed to establish, as a matter of law, that he did not have a continuing obligation to discuss the subject with the 38-year-old plaintiff when he examined her. Finally, although the record contains indications that the plaintiff discussed genetic counseling with the defendant Swersky both before and after the defendant Sklar examined her, the contents of those discussions are in dispute. Thus, the defendant Sklar failed to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material

issues of fact, and should not have been granted summary judgment with respect to the issue of his liability as a principal *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

However, the Supreme Court properly granted the defendant Sklar's motion for summary judgment on the issue of his vicarious liability for the defendant Swersky's conduct, as the record establishes that during all relevant periods the defendant Sklar was an employee of the defendant Swersky, and did not become his partner until after any acts of alleged malpractice occurred. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.